## THE MT. DESERT.

### (District Court, E. D. Virginia. December 17, 1907.)

MARITIME LIEN—REPAIRS—EFFECT OF CHARTER.

A provision of a charter party requiring the charterer to maintain the vessel in a thoroughly efficient state and to pay all charges incurred in her behalf cannot relieve the vessel from liability to one who repaired her after a collision, where the repairs were made under the supervision of the owners, who also sued for and recovered damages for the collision from the vessel in fault. A furnisher of supplies to the vessel, however, during the term of the charter, who had, or should have had, knowledge that she was under charter, is bound by the terms of the charter party, and cannot hold the vessel therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Maritime Liens, §§ 4–12.]

In Admiralty. Libel to recover for repairs.

The steamer Mt. Desert, while under charter to the Tidewater Navigation Company for service on the Chesapeake Bay and tributaries for the transportation of passengers to and from the Jamestown Exposition, collided with the steamer Woodbury of the Old Dominion Line, necessitating the taking of the Mt. Desert to the shipyard of libelants for repair. This libel was filed to recover for the amount of such repair. Subsequent to the collision the owners of the Mt. Desert regularly libeled the Woodbury, and recovered for the damages sustained in the collision, and collected the same, and the amount thereof is now held by the Atlantic Trust & Deposit Company, which seeks to apply the same to the general indebtedness of the Tidewater Navigation Company; the last-named company having made an assignment of its assets to the Atlantic Trust & Deposit Company. The charter party contained the following provision: "That the charterer shall * * * maintain her [the Mt. Desert] in a thoroughly efficient state in hull and machinery for the service; that the charterers shall provide and pay for all the coals, fuel, port charges, pilotages, agencies, and all other charges whatsoever;" also that "notice shall be given by charterers to all material and supply dealers that all supplies and materials furnished said steamer, during the period of this charter, are for account of charterers, and that the steamer and owners shall not be held responsible for same."

Harry E. McCoy, for libelants.
Riddleberger & Roper, for respondent.

WADDILL, District Judge (after stating the facts as above). It may be conceded that ordinarily the provisions of the charter party above recited would disentitle the libelants to recover against the Mt. Desert for the repairs put upon her, covered by the claim in suit. Still, under the facts and circumstances of this case, there can be no doubt of their right to recover. The owners of the Mt. Desert not only supervised the work done upon her, rendered necessary by the collision with the Woodbury, while in libelants' shipyard, but they subsequently libeled the Woodbury, and received damages for the very work now sought to be paid for; that is, for restoring the Mt. Desert to seaworthy condition. To take this money and turn it over to the general creditors of the Tidewater Navigation Company, leaving the libelants unpaid, and have the Mt. Desert escape liability because, forsooth, the provisions of the charter party may have been intended to protect her from responsibility such as is sought to be enforced here, would be unconscionable. The money awarded for the injury to the Mt. Desert that the libelants repaired is in the hands of the Atlantic Trust & Deposit Company, placed there by the owners of the Mt. Desert to await the determination of this controversy, and the same should be paid to libelants. If the owners of the Mt. Desert have placed the same beyond their control, these libelants should not be denied their right of recovery herein against the vessel which they repaired.

What has been said as to the libelants' claim applies with equal force to that of the petitioner the Norfolk Marine Railway Company, and also to that of the petitioner Hudgins, whose supplies were furnished upon the express order of the owners of the Mt. Desert.

The claim of the petitioner the Southern Supply Company was for supplies necessary for the operation of the steamer; and while it is

true they were furnished either upon the order of the master of the Mt. Desert, or her engineer, still it was under such circumstances as that her owners should not be held responsible for. The steamer was being operated by the Tidewater Navigation Company, regularly engaged under a charter party, for the carriage of passengers from the port of Norfolk to the Jamestown Exposition during the Exposition period, and the petitioner had such knowledge or opportunities of knowledge of the fact that the Mt. Desert was not owned by the Tidewater Navigation Company, and was operated under such charter party, as to put it upon notice of the terms and conditions thereof; and, having failed to exercise proper diligence in this respect, the Mt. Desert should not be held responsible for the petitioner's bills. The petition is accordingly dismissed.

A decree may be entered in favor of the libelants for the amount claimed by them; also for the petitioner the Norfolk Marine Railway Company, and also for the petitioner R. W. Hudgins, for the amounts of their respective claims.